IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Steve Rodzos<br>563 Winding River Ct.,<br>Perrysburg, Ohio 43551,<br><br>And,<br><br>Kristen Rodzos<br>563 Winding River Ct.,<br>Perrysburg, Ohio 43551,<br><br>     Plaintiffs,<br><br>v.<br><br>Fifth Third Bank, National Association<br>c/o Corporation Service Company,<br>3366 Riverside Drive, Suite 103,<br>Upper Arlington, Ohio 43221,<br><br>     Defendant. | CASE NUMBER: **3:23-CV-428**<br><br>JUDGE:<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiffs Steve and Kristen Rodzos' ("Plaintiffs") personal knowledge, the investigation of counsel, and information and belief. Plaintiffs, through counsel, allege as follows:

**INTRODUCTION**

1. In 2013, Plaintiffs entered into a Department of Veterans Affairs ("VA") mortgage loan with Defendant Fifth Third Bank, National Association ("Defendant") to finance the purchase of real estate located at 563 Winding River Ct., Perrysburg, Ohio 43551 (the "Property") (the "Mortgage Loan"). A true and accurate copy of the Mortgage Loan is attached hereto as Exhibit A.

1

2. Plaintiffs purchased the Property to be used as their primary residence.

3. In or about 2021, Plaintiffs were experiencing financial difficulties due to Covid-19.

4. On or about March of 2021, Defendant placed Plaintiffs' Mortgage Loan on a Covid-19 forbearance plan.

5. Before the forbearance plan expired, Defendant promised Plaintiffs that it would grant them a Modification at the end of their forbearance period in order to bring their Mortgage Loan current.

6. Instead, Defendant added excess charges and fees to the Mortgage Loan while it was in forbearance, repeatedly made misrepresentations to Plaintiffs, repeatedly failed to review Plaintiffs for loss mitigation options or provide Plaintiffs with correct information and notices in connection with the CARES Act, RESPA, and Regulation X, and improperly filed a foreclosure against Plaintiffs while their complete loss mitigation application was pending in direct violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617 (1974) ("RESPA").

7. Plaintiffs have brought this lawsuit to recover their damages including but not limited to improper charges, fees, and interest assessed against the Mortgage Loan as well as the unnecessary attorney fees Defendant forced Plaintiffs to incur in defending the improper foreclosure.

**PRELIMINARY STATEMENT**

8. Plaintiffs institutes this action for actual damages, statutory damages, punitive damages, declaratory relief, attorney fees, and the costs of this action against Defendant for violations of the Real Estate Settlement Procedures Act, 12

U.S.C. §§ 2601-2617 (1974) ("RESPA"), violations of Regulation X, 12 C.F.R. §§ 1024.1-1024.41 (2011) ("Reg. X"), violations of the Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. §§ 9001-9141 (2020) (CARES Act), and fraud.

**JURISDICTION**

9. This Court has subject matter jurisdiction over Count One under RESPA, 12 U.S.C. § 2614, and 28 U.S.C. §§ 1331 and 1337.

10. This Court has subject matter jurisdiction over Count Two pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy as Count One.

11. This Court has personal jurisdiction over Defendant because Defendant transacts business within this District, the Mortgage Loan was incurred within this District, and the property which was the subject of the Mortgage Loan is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

**VENUE**

12. The majority of the witnesses reside in the Northern District of Ohio.

13. A substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio.

14. All of the property that is the subject of the action is situated in Northern District of Ohio.

15. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2).

**PARTIES**

16. Each action or inaction alleged herein against Defendant is also an allegation of action or inaction by Defendant's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

3

17. Plaintiffs are each a natural person currently residing within this Court's jurisdiction at 563 Winding River Ct., Perrysburg, Ohio 43551.

18. At all times relevant to this transaction, Plaintiffs each were and are a **"Person"** within the meaning of RESPA, 12 U.S.C. § 2602(5).

19. At all times relevant to this transaction, Plaintiffs each were and are a **"Borrower"** within the meaning of RESPA.

20. At all times relevant to this transaction, Plaintiffs each were and are a **"Borrower"** within the meaning of Reg. X, 12 C.F.R. § 1024.30(d).

21. Defendant is a mortgage lender and servicer headquartered in Cincinnati, Ohio.

22. At all times relevant to this transaction, Defendant was and is a **"Person"** within the meaning of RESPA, 12 U.S.C. § 2602(5).

23. At all times relevant to this transaction, Defendant was and is a **"Servicer"** within the meaning of RESPA, 12 U.S.C. § 2605(i)(2).

24. At all times relevant to this transaction, Defendant engaged in and engages in **"Servicing"** of Plaintiffs' Mortgage Loan within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

**FACTUAL ALLEGATIONS**

25. Plaintiffs incorporate all paragraphs by reference as though fully written here.

26. The Mortgage Loan was and is a VA loan and hence a "federally related mortgage loan" within the meaning of RESPA at 12 U.S.C. § 2602(1).

27. The Mortgage Loan was and is a VA guaranteed loan and hence a "federally backed mortgage loan" within the meaning of the CARES Act at 15 U.S.C. § 9056(a)(2).

28. In 2021, Plaintiffs were experiencing financial hardship due to Covid-19.

29. In or about March of 2021, Plaintiffs contacted Defendant and requested that they be placed on Covid-19 forbearance.

30. On or about March 1, 2021, Plaintiffs' Mortgage Loan was placed on forbearance under Defendants' Covid-19 relief program ("Forbearance").

31. Under Defendant's program the Forbearance was to end on March 1, 2022.

32. On or about March, 1, 2022, Plaintiffs submitted a loss mitigation application to Defendant in accordance with RESPA and the CARES Act.

33. On or about March 1, 2022, Plaintiffs' loss mitigation application was complete, and included all the information Defendant asked for.

34. Defendant did not update Plaintiffs with the status of their loss mitigation application or send any communications regarding their loss mitigation for over a month.

35. On or about April 20, 2022, Plaintiffs contacted Defendant regarding the status of their loss mitigation application.

36. On or about April 20, 2022, Defendant's agent, Jeff Hummer, represented to Plaintiffs that Defendant was still waiting on "title paperwork" from the VA which was "holding up the modification".

37. On or about April 20, 2022, Defendant's agent, Jeff Hummer, represented to Plaintiffs that a loan deferment may be able to get done faster than a loan modification and would make the modifications terms more favorable.

38. On or about April 24, 2022, Plaintiffs, relying on Defendants representations, agreed to be placed on a loan deferment while their loss mitigation application was pending.

5

39. Defendant again did not update Plaintiffs with the status of their loss mitigation application or send any communications regarding their loss mitigation for almost two months.

40. On or about May 17, 2022, Plaintiffs again contacted Defendant by email regarding the status of their loss mitigation application.

41. Defendant never responded to Plaintiffs' May 17, 2022, email.

42. On or about June 23, 2022, Plaintiffs again contacted Defendant regarding the status of their loss mitigation application.

43. On or about June 23, 2022, Defendant represented to Plaintiffs that it was still waiting on paperwork from the VA, that Plaintiffs had been placed on "disaster protection" until the end of June 2022, and that there was no breach letter sent to Plaintiffs or foreclosure referral at the time.

44. On or about July 8, 2022, Defendant represented to Plaintiffs that there were no new updates.

45. On or about July 14, 2022, Defendant represented to Plaintiffs that there were no new updates.

46. On or about July 21, 2022, Defendant represented to Plaintiffs that there were no new updates.

47. On or about August 1, 2022, Defendant called Plaintiffs and left a voicemail requesting more documents to complete Plaintiffs' loss mitigation application.

48. Defendant did not provide Plaintiffs with written notice regarding what documents it needed to complete Plaintiffs' loss mitigation application, or Plaintiffs' deadline for submitting the documents in connection with its August

6

1, 2022, phone call.

49. On or about August 8, 2022, Plaintiffs called Defendant regarding their loss mitigation application.

50. On or about August 8, 2022, Defendant represented to Plaintiffs that it was still waiting on documents from the VA to complete the loan modification.

51. On or about August 8, 2022, Defendant verbally represented to Plaintiffs that it needed updated financial information and an updated hardship application to complete Plaintiffs' loss mitigation application.

52. Defendant did not provide Plaintiffs with written notice regarding what documents it needed to complete Plaintiffs' loss mitigation application, or Plaintiffs' deadline for submitting the documents in connection with its August 8, 2022, phone call.

53. On or about August 16, 2022, Plaintiffs submitted updated financial information and an updated hardship application to Defendant pursuant to the parties August 8, 2022 phone call.

54. Defendant failed to send Plaintiffs a written notice confirming the receipt of the documents Plaintiffs sent to Defendant on August 16, 2022 as required by RESPA and Reg. X.

55. On or about September 6, 2022, Defendant called Plaintiffs and requested additional information to complete their loss mitigation application.

56. Defendant again did not provide Plaintiffs with written notice regarding what documents it needed to complete Plaintiffs' loss mitigation application, or Plaintiffs' deadline for submitting the documents in connection with its

7

September 6, 2022, phone call.

57. On or about September 9, 2022, Plaintiffs submitted the information Defendant requested in its September 6, 2022, call to Defendant.

58. On or about September 9, 2022, Defendant confirmed receipt of the documents Plaintiffs submitted and Defendant informed Plaintiffs that it was submitting the completed loss mitigation application to Defendant's underwriter.

59. On or about September 27, 2022, Defendant informed Plaintiffs that a portion of their loss mitigation application had been "cut-off" and was illegible.

60. Defendant again did not provide Plaintiffs with written notice regarding what documents it needed to complete Plaintiffs' loss mitigation application, or Plaintiffs' deadline for submitting the documents in connection with its September 27, 2022, phone call.

61. On or about September 27, 2022, Plaintiffs called Defendant regarding their loss mitigation application.

62. On or about September 27, 2022, Defendant requested additional information and documents from Plaintiffs.

63. On or about September 27, 2022, Plaintiffs submitted the additional information and documents Defendant requested in its September 27, 2022 phone call to Defendant.

64. On October 4, 2022, Defendant filed a foreclosure action against Plaintiffs in the Wood County Court of Common Pleas Case No. 2022CV0463 while Plaintiffs' completed loss mitigation application was still pending.

65. Prior to filing the foreclosure, Defendant failed to send Plaintiffs a written notice

regarding what documents it needed to complete Plaintiffs loss mitigation application, Plaintiffs' deadline for submitting the documents, or a notice stating that Plaintiffs were ineligible for a loss mitigation option.

66. On or about October 5, 2022, Defendant's agent, Heather Jones, represented to Plaintiffs that the assets page of their loss mitigation application was cut-off and needed to be re-sent.

67. On or about October 5, 2022, Defendant's agent, Heather Jones, confirmed that Plaintiffs loss mitigation application was not "cut off" and was completed on September 27, 2022.

68. On or about October 5, 2022, Defendant sent Plaintiffs a notice stating that their loss mitigation application was complete.

69. On or about October 11, 2022, Plaintiffs contacted the VA regarding their Mortgage Loan.

70. On or about October 11, 2022, the VA informed Plaintiffs that Defendant had lied to Plaintiffs, that Defendants were not waiting on documents from the VA, that the notes from Defendant's agents stated that "they were having troubled with the VA computer system", and that Defendant could have emailed a VA representative to complete the loan modification if they were struggling with the system.

71. On or about October 14, 2022, Plaintiffs contacted Defendant regarding their loss mitigation application.

72. On or about October 14, 2022, Defendant's agent, Taylor Crosby, informed Defendants that there was not a delay due to the VA, no title paperwork was

needed, and that Defendant had approved the foreclosure on September 20, 2022.

73. Defendant's lack of diligence resulted in increased arrearages for both the Mortgage Loan and any loss mitigation options Plaintiffs could receive, resulting in lost equity.

74. For almost a year Plaintiffs suffered and continue to suffer extreme emotional distress over whether they would be able to keep their home due to Defendant's lack of diligence in handling their loss mitigation application.

75. As a result of Defendant's actions, primarily its lack of diligence and misrepresentations, Plaintiffs suffer from severe emotional distress, including anxiety, increased stress, and sleepless nights.

76. As a result of Defendant's actions, Plaintiffs incurred excess arrearages for escrow, late payments, and interest charges on the loan caused by Defendant's lack of diligence and misrepresentations.

**COUNT ONE – RESPA AND REG. X VIOLATIONS AGAINST DEFENDANT**

77. Plaintiffs incorporate all paragraphs by reference as though fully written here.

78. Defendant's actions described herein constitute violations of RESPA, 12 U.S.C. §§ 2601-2617 (1974), Reg. X, 12 C.F.R. §§ 1024.1-1024.41 (2011), and the CARES Act 15 U.S.C. §§ 9001-9141 (2020).

79. Violations of Reg. X and the CARES Act constitute violations of RESPA pursuant to 12 U.S.C. §§ 2605(k)(1) and 2617(a).

80. Plaintiffs' Mortgage Loan is a "Federally related mortgage loan" pursuant to Reg. X, 12 C.F.R. § 1024.2.

81. Plaintiffs' Mortgage Loan is a "Federally backed mortgage loan" pursuant to the

CARES Act, 12 U.S.C. § 9056(a)(2).

82. At all times relevant to this Complaint, Plaintiffs' loss mitigation application was "complete" pursuant to 12 C.F.R. § 1024.41(b)(1).

83. At all times relevant to this Complaint, Plaintiffs' loss mitigation application was "facially complete" pursuant to 12 C.F.R. § 1024.41(c)(2)(iv).

84. Defendant assessed fees and penalties to Plaintiffs' Mortgage Loan account beyond fees, penalties, and interest scheduled and calculated prior to the forbearance in violation of the CARES Act at 15 U.S.C. § 9056(b)(3).

85. By failing to exercise reasonable diligence related to Plaintiffs' loss mitigation applications, requests, and subsequent submissions, Defendant violated Reg. X, 12 C.F.R. § 1024.41(b).

86. By failing to exercise reasonable diligence in obtaining documents and obtaining information to complete Plaintiffs' loss mitigation applications, requests, and subsequent submissions, Defendant violated Reg. X, 12 C.F.R. § 1024.41(b)(1).

87. By failing to timely review loss mitigation options available to Plaintiffs related to their loss mitigation applications, requests, and subsequent submissions, Defendant violated Reg. X, 12 C.F.R. § 1024.41(b)(2).

88. Defendant failed to provide Plaintiffs with the correct notices regarding the receipt of documents, the receipt of the loss mitigation application itself, and the identification of which additional documents Plaintiffs needed to submit to complete the loss mitigation application in violation of Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B).

89. Defendant failed to provide Plaintiffs with notice of a reasonable date by which

Plaintiffs were required to submit additional documents to complete the loss mitigation application in violation of Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii).

90. By failing to timely review loss mitigation options available to Plaintiffs related to their loss mitigation applications, requests, and subsequent submissions, Defendant violated Reg. X, 12 C.F.R. § 1024.41(c)(1).

91. Defendant offered Plaintiffs a forbearance plan, failed to provide Plaintiffs a written notice with the terms of the forbearance, the other loss mitigation options available to Plaintiffs, a notice that Plaintiffs may complete their loss mitigation application while in the forbearance plan, and then Defendant filed a foreclosure against Plaintiffs while their loss mitigation application was pending, all in violation of Reg. X, 12 C.F.R. § 1024.41(c)(2)(iii).

92. Plaintiffs submitted a facially complete loss mitigation application to Defendant, who failed to timely review the application, and then Defendant filed a foreclosure against Plaintiffs while the completed loss mitigation application was pending in violation of Reg. X, 12 C.F.R. § 1024.41(c)(2)(iv).

93. Defendants failed to promptly request additional information to complete the loss mitigation application, failed to treat the application as complete while it was pending, and failed to give Plaintiffs a reasonable opportunity to complete the loss mitigation application in violation of Reg. X, 12 C.F.R. § 1024.41(c)(2)(iv).

94. Defendant did not end any preexisting delinquency of Plaintiffs upon their acceptance of a COVID-19 related forbearance and charged improper interest and fees to the Account in violation of Reg. X, 12 C.F.R. § 1024.41(c)(2)(v).

12

95. Defendant failed to offer Plaintiffs a loan modification in accordance with Reg. X, 12 C.F.R. § 1024.41(c)(2)(vi).

96. Defendant violated Reg. X, 12 C.F.R. § 1024.41(c)(4)(i) when it failed to exercise reasonable diligence in obtaining information not in Plaintiffs' control.

97. Defendant violated Reg. X, 12 C.F.R. § 1024.41(c)(4)(ii) when it failed to send Plaintiffs the proper notice required under that section.

98. Defendant violated Reg. X, 12 C.F.R. § 1024.41(f)(2) when it sent Plaintiffs a Foreclosure Notice before it properly rejected Plaintiffs for loss mitigation options, and when Plaintiffs had not rejected the loss mitigation options offered by Defendant or failed to perform under a loss mitigation option.

99. Defendant violated RESPA, 12 U.S.C. § 2605(k)(1)(E) by not offering Plaintiffs all available COVID-19 related loss mitigation options.

100. Defendant regularly fails to evaluate and process loss mitigation applications of its borrowers in compliance with RESPA and Regulation X, including request for loss mitigation options related to the COVID-19 pandemic.

101. Defendant engaged in a pattern or practice of noncompliance with the requirements of RESPA.

102. Defendant does not maintain policies or procedures that are reasonably designed to provide accurate and timely notice and information to Plaintiffs and other borrowers, properly evaluate borrowers for loss mitigation options, or to identify documents and information not in borrower's control in violation of Reg. X, 12 C.F.R. § 1024.38(a).

103. As a result of Defendant's actions, Plaintiffs suffer severe emotional distress,

including anxiety, stress, and sleepless nights.

104. As a result of Defendant's actions, Plaintiffs suffer from an improper loan balance due, excess arrearages, fees, and interest, and depreciated equity due to Defendant's failure to exercise diligence and comply with RESPA, Reg. X, and the CARES Act.

105. As a result of Defendants' actions, Plaintiffs were forced to pay legal fees to defend against Defendant's improper Foreclosure action.

106. Defendant is liable to Plaintiffs under this Count for its RESPA violations in an amount equal to or greater than: statutory damages in excess of $2,000.00, actual damages for its violations of RESPA, and the costs of this action and attorney fees pursuant to 12 U.S.C. § 2605(f).

**COUNT TWO – FRAUD AGAINST DEFENDANT**

107. Plaintiffs incorporate all paragraphs by reference as though fully written here.

108. Defendant's actions described in this Complaint constitute fraud.

109. On or about April 20, 2022, Defendant misrepresented to Plaintiffs title paperwork from the VA was holding up the loan modification.

110. On or about April 20, 2022, Defendant misrepresented to Plaintiffs that a loan deferment would allow them to receive a more favorable loan modification.

111. Relying on Defendant's misrepresentations, on or about April 25, 2022, Plaintiffs agreed to be placed on loan deferment until the loan modification could be approved.

112. Defendant reasonably expected that its promises would induce Plaintiffs into choosing to be placed on a loan deferment.

113. Defendant's misrepresentations were material to the transaction.

114. Defendant reasonably expected that its promises would induce Plaintiffs into failing to make any payments on their mortgage loan while their loan modification was being processed.

115. As a result of Defendant's actions, excess fees, charges, and interest were added to Plaintiffs' Mortgage Loan Account.

116. As a result of Defendant's actions, Plaintiffs endured sleepless nights, headaches, stress, and anxiety.

117. As a result of Defendant's actions, Plaintiffs suffered severe mental anguish and emotional distress.

118. As a result of Defendant's actions, Plaintiffs were forced to incur attorney fees to defend against the improper Foreclosure and improper amount allegedly due.

119. As a result of Defendant's actions, Plaintiffs were forced to incur attorney fees and the expense of bringing this litigation.

120. Defendant's actions were committed with malice.

121. As a result of Defendant's actions, Plaintiffs are entitled to actual damages, economic damages, non-economic damages, punitive damages, and their attorney fees and costs of this action in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

A. Assume jurisdiction of this case;

B. Grant Plaintiffs the maximum damages they seek on each count, including the maximum statutory damages available under each claim where statutory damages

are available, and the maximum economic and non-economic damages available, including actual, emotional, general, and other damages;

C. Award Plaintiffs actual damages in an amount to be established at trial;

D. Award Plaintiffs statutory damages under RESPA;

E. Award Plaintiffs the costs of this litigation;

F. Award Plaintiffs their attorney fees;

G. Declare that Defendant's acts and practices violate RESPA; and

H. Award such other relief as the Court deems appropriate.

Dated: March 2, 2023.

    Respectfully Submitted,
    Kohl & Cook Law Firm, LLC

    s/ Brian A. Brown
    Brian A. Brown (0096733)
    Timothy J. Cook (0093538)
    Andrew J. Gerling (0087605)
    Sean M. Kohl (0086726)
    1900 Bethel Rd.
    Columbus, OH 43220
    PH (614) 763-5111
    FAX (937) 813-6057
    Brian@KohlCook.com
    Timothy@KohlCook.com
    Andrew@KohlCook.com
    *Attorneys for Plaintiffs*

## JURY TRIAL DEMANDED

Plaintiffs respectfully requests a jury trial on all triable issues.

    s/ Brian A. Brown
    Brian A. Brown (0096733)